IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONIO ANTWAIN ASH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. CIV-14-486-R |
| | ) |
| GEO CORRECTIONS, et al., | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, has brought this action under 42 U.S.C. § 1983, alleging a violation of his rights under the United States Constitution. United States District Judge David L. Russell has referred the matter to the undersigned for the entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed findings and recommendations as to dispositive matters, as referenced in 28 U.S.C. § 636(b)(1)(B) and (C). Currently before the Court is Defendants' Motion for Summary Judgment/Motion to Dismiss **(ECF No. 28)**, to which Plaintiff has responded (ECF No. 31). For the reasons set forth below, the undersigned recommends Defendants' Motion for Summary Judgment/ Motion to Dismiss be **GRANTED.**

### I. BACKGROUND

Plaintiff filed this action on May 12, 2014 purportedly raising three counts in support of his Complaint. Each claim was based primarily on an incident that occurred on April 8, 2014 involving physical altercations among inmates and in which Plaintiff was injured. In his Complaint, Plaintiff alleged that Defendants violated his Eighth Amendment rights by failing to adequately protect him from injury. (ECF No. 1:2-4).

Defendants have filed a motion for summary judgment/motion to dismiss raising three grounds. First, Defendants argue that Plaintiff failed to exhaust his administrative remedies prior to filing suit. (ECF No. 28:3-5). Second, Defendants Rios and Butler contend that claims against them should be dismissed as Plaintiff failed to allege their personal participation in any violation of his constitutional rights. (ECF No. 28:5-6). Finally, Defendants argue Plaintiff cannot support an Eighth Amendment claim. (ECF No. 28:6-7).

## II. STANDARD OF REVIEW

Because the undersigned has relied on the documents attached to the court-ordered Special Report in determining the disposition of Plaintiff's claims, Defendants' motion regarding such claims is treated as a motion for summary judgment. *See* Fed. R. Civ. P. 12 (d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Summary judgment shall be granted where the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court views the evidence and the inferences drawn from the record in the light most favorable to the nonmoving party. *Calhoun v. Gaines*, 982 F.2d 1470, 1472 (10th Cir. 1992); *Manders v. Oklahoma*, 875 F.2d 263, 264 (10th Cir. 1989).

When a defendant asserts an affirmative defense—such as the failure to exhaust administrative remedies—in a motion for summary judgment, he or she "must

demonstrate that no disputed material fact exists regarding the affirmative defense asserted." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). "If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact. If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant is then entitled to summary judgment as a matter of law." *Id.*

## III. ANALYSIS

### A. The Exhaustion Requirement

The Prison Litigation Reform Act of 1995 (PLRA) requires a prisoner to exhaust all available administrative remedies before resorting to a § 1983 action in federal court. Specifically, 42 U.S.C. § 1997e(a) provides as follows: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* "[E]xhaustion is mandatory under the PLRA and … unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 211 (2007).

A prisoner, such as Plaintiff, successfully exhausts administrative remedies by completing the administrative review process established by the prison grievance procedure. *Id.* at 218. The exhaustion must occur prior to the prisoner bringing a lawsuit on his claims. *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative

3

remedies." *Id.* "To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." *Fields v. Okla. State Penitentiary,* 511 F.3d 1109, 1112 (10th Cir. 2007).

### B. Grievance Process

When determining whether administrative remedies have been exhausted, the Court must look to the grievance process at the institution to which the inmate is confined. Plaintiff was confined in the Lexington Correctional Facility, which utilizes the grievance policy promulgated by the Oklahoma Department of Corrections ("ODOC"). Therefore, the relevant grievance process is set forth in the Offender Grievance Process, OP-090124. (ECF No. 27-5:1-19).

The ODOC grievance policy first requires an initial, informal attempt to resolve the issue followed by a two-part formal attempt; grievable issues include actions related to medical care. (ECF No. 27-5:5-6). Attempting an informal resolution starts by speaking with the "appropriate staff within three days of the incident." (ECF No. 27-5:6). Next, the offender must file a request to staff within seven calendar days of the alleged incident. *Id.*

After receiving a response to the request to staff, the inmate may file a formal grievance to the facility head within 15 days after filing the request to staff, or receiving the facility's response, whichever is later. (ECF No. 27-5:7-9). Upon receiving the grievance response from the reviewing authority, the inmate may appeal to the administrative review authority asserting either newly discovered evidence or probable error committed by the reviewing authority. (ECF No. 27-5:11). The final ruling of the

4

administrative review authority will satisfy the grievance process and the inmate will have exhausted available administrative remedies. (ECF No. 27-5:13). *See also Thomas v. Parker,* 609 F.3d 1114, 1117 (10th Cir. 2010) ("The ODOC grievance process has a requirement of informal consultation with staff, then three written steps: a Request to Staff form, a formal grievance, and an appeal to the administrative review authority.").

### C. Plaintiff's Efforts to Exhaust

Based upon the record before the Court, it is clear Plaintiff failed to exhaust his administrative remedies prior to filing the present lawsuit. In his Complaint, Plaintiff specifically concedes that he did not seek informal or formal relief prior to initiating his lawsuit. (ECF No. 1:5). In his Response to Defendants' Motion, Plaintiff states that he "went through the proper channels" and in support thereof, he attaches a Request to Staff and various documents related to the April 8th incident. (ECF No. 31:2; ECF Nos. 31-1, 31-2, 31-3, 31-4, 31-5). However, these documents do not relate to an attempt to exhaust Plaintiff's administrative remedies prior to initiating this lawsuit. Instead, the documents relate solely to the investigation of and disciplinary actions taken as a result of the April 8th incident. *Id.*

In light of the undisputed facts, it is clear Plaintiff did not exhaust his administrative remedies with regard to his federal claims, as required by 42 U.S.C. § 1997e(a), prior to initiating this lawsuit. Accordingly, the undersigned recommends Defendants' Motion for Summary Judgment be granted.[1]

---

[1] In light of this recommendation, it is not necessary to address Defendants' alternative arguments presented in their dispositive motion.

## RECOMMENDATION

After careful consideration of the issues in this case, it is recommended that Defendants' Motion for Summary Judgment **(ECF No. 28)** be **GRANTED** based on Plaintiff's failure to exhaust his administrative remedies.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is hereby advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **May 4, 2015**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This Report and Recommendation disposes of all issues referred to the undersigned magistrate judge in the captioned matter.

**ENTERED** on April 16, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE